TOWNSHIP OF HIGGINS v. SUPERVISORS OF MIDLAND COUNTY.

*Mandamus—Settlement of accounts between townships.*

1. Mandamus was granted to compel a board of supervisors to provide for the payment of a balance credited upon the books of the county to a certain township which belonged, with another, to a county set off from the first, the credit having been made in pursuance of a mutual arrangement between the townships and the county indebted.

2. Local equities between newly organized townships set off from the same county should be speedily adjusted and with due respect to the deliberate settlements of the various local authorities.

3. Record issues should be set forth as they stand, in showing cause in cases involving a settlement of public accounts between townships and counties.

Mandamus. Submitted Oct. 18. Granted Oct. 31.

*H. H. Woodruff* and *Edget & Brooks* for relator.

*James VanKleeck* for respondent.

CAMPBELL, J. Relators applied for a mandamus to compel respondents to provide for payment of a balance due on settlement of accounts arising in this way.

The county of Roscommon having formerly been attached to Midland, first as one township and afterwards as divided, became, on its separate county organization, entitled to a credit against Midland county, which was duly ascertained. By the usual settlement on the division of townships, the town of Higgins became entitled to a credit against the town of Roscommon, and by mutual arrangement the county of Midland transferred on its books to the township of Higgins a certain amount of the credits due Roscommon, and the township of Higgins accepted the transfer and credited Roscommon accordingly. This balance of credit on the books of Midland county to the township of Higgins was reduced by payment on the 12th of January, 1876, to $2616.75, for which this present application is brought.

The only defense savoring of merit that was put in arose out of a subsequent cancellation of tax sales by chancery decrees out of which it was claimed Midland county would suffer or had suffered reductions of its credits with the State, and would be entitled to contribution from Roscommon. But it appears that Midland has suffered nothing on this account. The same question was raised on a former controversy in this Court between Roscommon township and the respondents, reported in 49 Mich. 454.

Leaving this out, there is no showing whatever that in any degree impugns the correctness of the balance referred to; and this item of canceled taxes has been known to have no basis, for a long period, and for some years before this proceeding was commenced.

In showing cause in this class of cases all matters appearing of record ought to be frankly set forth as they stand. It turned out before this cause came to a hearing that the issues were all record issues and of such a nature that there was no good reason for contesting them. The delay in maturing the cause has been unreasonable and without good cause. The public interests require these local

equities to be dealt with speedily, and there should be respect paid to the deliberate settlement of the various local authorities. · It appears that in arriving at a settlement of the matters in interest here, there was care taken, and results acquiesced in. It is much to be regretted that any controversy has been raised in the matter.

A peremptory mandamus will be allowed with costs.

The other Justices concurred.